# AFFIDAVIT OF LOST NOTE

After first being duly sworn, I, Patrick K. Pruitt, do hereby depose and say:

That I am an employee of Ameriquest Mortgage Company, and I am responsible for the delivery of promissory notes. As of closing, **April 30, 2006** a due and diligent search through all of our files for the original Promissory Note (the "Promissory Note") under loan number            , dated **April 26, 2006,** and executed by:

>**Francis P. McAvoy**
>**1716 Stillwater Avenue**
>**Bangor, ME 04401**

in the principal sum of **$ 139, 650.00** and secured by a deed of trust dated **4/26/2006,** was conducted at the undersigned's office located at

>**1600 Douglass Road**
>**Anaheim, CA 92806**

and consisted of the following specific three steps:

>(1) extensive research on missing collateral with our Custodian
>(2) extensive research of base files
>(3) a thorough search of company premises

Said due and diligent search failed to locate said the Promissory Note and said Promissory Note is deemed lost.

Ameriquest Mortgage Company

By: _____

Name: **Patrick K. Pruitt**
Title: **Vice President**

STATE OF CALIFORNIA
COUNTY OF ORANGE

On May 17, 2006, before me Carolyn Evans, R. Notary Public, personally appeared Patrick K. Pruitt, personally known to me to be the person, whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

Signature  Carolyn Evans
R.

[Notary Seal]

CAROLYN R. EVANS
Commission # 1458179
Notary Public - California
Orange County
My Comm. Expires Jan 28, 2008

EXHIBIT B

AFFIDAVIT OF LOST NOTE v2.doc

## Exhibit A - Property Description

Closing date:

Borrower(s):                     **Francis P. McAvoy**

Property
Address:                         **1716 Stillwater Avenue, Bangor, Maine 04401**

Loan Policy Number:

Owner Policy Number:             **\* NONE \***

**The land, together with any buildings thereon, situated in Bangor, County of Penobscot, State of Maine, being bounded and described as follows, to wit:**

**Starting at a pin set in the northwesterly sideline of Stillwater Avenue being 871.46' S 41° 6' 55" W from a granite monument, marked O-V-B, found on the northwesterly sideline of Stillwater Avenue in said Bangor, and on the town line separating the Town of Orono and the City of Bangor; thence N 43° 30; 19" W a distance of 1117.12' to a pin set; said pin being in the line dividing Lot 13 and Lot 14 as shown on the "Bussey" plan recorded in Plan Book 2, Page 4, Penobscot County Registry of Deeds; thence by and along said line between Lots 13 and 14 S 46° 42' 35" W a distance of 201.00' to a pin set; thence S 43° 32' 59" E a distance of 1136.72' to a pin set in the northwesterly sideline of Stillwater Avenue; thence by and along the northwesterly sideline of said Stillwater Avenue a distance of 201.00' to the point of beginning.**

**Error! AutoText entry not defined.**

Loan No.

# FIXED RATE NOTE

COPY

April 26, 2006     Orange     CA
[Date]     [City]     [State]

1716 Stillwater Avenue, Bangor, ME  04401
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **139,650.00** (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is   Ameriquest Mortgage Company .

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of  **7.125 %**.

The interest rate required by this Section 2 is the rate I will pay before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) **Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on   **June 1, 2006**.

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on   **May 1, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

**I will make my monthly payments at:   505 City Parkway West, Suite 100,  Orange, CA 92868**

or at a different place if required by the Note Holder.

(B) **Amount of Monthly Payments**

My monthly payments will be in the amount of U.S. $**940.85.**

### 4. BORROWER'S RIGHT TO PREPAY

I may repay this Note at any time without a penalty.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then; (i) any such loan charged shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) **Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of  **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000 %** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) **Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) **Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed me.

Initials: _____  _____

1 of 2

200-1UNIV (Rev. 7/03)

04/26/2006 11:50:25 AM

Loan No.

(D) **No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to Pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if prohibited by federal law as of the date of this Security Instrument.

If the Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
Borrower: Francis P. McAvoy    04/26/06

_____ (Seal)
Borrower:
SSN: xxx-xx-

_____ (Seal)
Borrower:
SSN: xxx-xx-

_____ (Seal)
Borrower:
SSN: xxx-xx-

200-2FIXED (Rev. 7/03)



FOR PURPOSES OF FURTHER ENDORSEMENT, THIS ALLONGE IS INCORPORATED INTO THE ATTACHED PROMISSORY NOTE, DESCRIBED AS FOLLOWS:

LOAN NUMBER:
ORIGINAL PRINCIPAL BALANCE: $ 139,650.00
PROPERTY ADDRESS:  1716 STILLWATER AVENUE BANGOR, ME 04401
BORROWER NAME: MCAVOY

PAY TO THE ORDER OF
WITHOUT RECOURSE
AMERIQUEST MORTGAGE COMPANY
BY: _____
ASEEM MITAL, PRESIDENT/C.E.O.
BY: _____
KAREN CHRISTENSEN, C.F.O.